Antonio R. Matos, et als., peticionarios, *v.* Ramón Montaner, Administrador del Fondo del Seguro del Estado, recurrido.

Núm. 36.—*Sometido:* Noviembre 7, 1938.   *Resuelto:* Enero 18, 1939.

*Virgilio Brunet,* abogado de los peticionarios; *Hon. Procurador General B. Fernández García, Emilio de Aldrey, Procurador General Auxiliar,* y *G. Atiles Moréu* y *Luis Negrón Fernández,* abogados los dos últimos del Fondo del Estado, abogados del recurrido.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

Este caso es un incidente del recurso de revisión número 37, resuelto el 13 del actual (ante, pág. 55). A los efectos de esta opinión, debemos recordar que al rebajar a $4.49 el tipo de la clasificación 0030, la Comisión Industrial de P. R. incluyó $0.51 para enjugar la parte proporcional que en el déficit del Fondo del Seguro del Estado correspondía a dicha clasificación.

Solicitaron los patronos recurrentes que la Comisión Industrial reconsiderase la resolución que dictó en el citado caso número 37 sólo en cuanto a aquella parte de la misma que agregaba los $0.51 al tipo de $3.98 defendido por ellos. Al denegar la moción de reconsideración la Comisión Industrial se expresó así:

"La Comisión Industrial entendió que de acuerdo con la Ley y con la equidad, las claves perdidosas entre las que se encuentra la 0030 deben pagar la pérdida que hicieron experimentar al Fondo del Seguro del Estado, no importando que parte de esta pérdida estuviera representada por beneficios que habían reportado al Fondo del Estado las claves no perdidosas. La Ley de Compensaciones por Accidentes del Trabajo dice en su Artículo 23 que debe presidir en la fijación de primas, la pretensión de establecer un Fondo del Seguro del Estado, en estado solvente, con un sobrante razonable. Y esto no se lograría si las claves perdidosas se limitaran a enjugar única y exclusivamente el déficit que realmente causaron al Fondo del Seguro del Estado."

No satisfechos los recurrentes, interpusieron este recurso de revisión, y para sostener que la resolución, en la parte impugnada, es errónea, alegan:

"1. Que de acuerdo con el Artículo 23 de la Ley Núm. 45 de 1935 (Leyes de 1935, (1) pág. 251) y de acuerdo con los precedentes establecidos en Puerto Rico y en los Estados Unidos el déficit incurrido por el Fondo del Estado durante el año 1935–36 no debe ser cargado a los peticionarios en este caso ni en todo ni en parte y al disponer la Comisión Industrial de Puerto Rico que los peticionarios en este caso, dedicados al cultivo de la caña, clave 0030, pa-

guen el tipo básico de $3.98, más un recargo adicional de 51¢ para atender al déficit incurrido por el Fondo del Estado durante el año 1935–36, la Comisión Industrial ha violado el Artículo 23 de la Ley Núm. 45 de 1935 antes referida, según el cual los déficits del Fondo del Estado serán enjugados o cubiertos con las sumas acumuladas en el Fondo de Reserva creado por ley mediante la imposición de una constante de un 5% de las primas pagadas por los patronos.

"2. Que la imposición de un recargo de 51¢ antes indicada constituye una doble imposición a los patronos para un mismo fin toda vez que el tipo básico de $3.98 incluye la constante de un 5% del Fondo de Reserva el cual debe ser dedicado según lo dispuesto en el Artículo 23 de la Ley citada para cubrir los déficits en el Fondo del Estado durante cualquier año fiscal.

"3. Que la imposición de un recargo adicional de 51¢ a la clave 0030 priva a los peticionarios de su propiedad sin un debido proceso de ley.

"4. Que habiéndose probado ante la Comisión Industrial que el déficit del Fondo del Estado incurrido durante el año 1935–36 se debió esencialmente a la mala administración del Fondo, los patronos peticionarios en este caso no son responsables de esa mala administración y por lo tanto no deben pagar ni en todo ni en parte el déficit ocurrido en tales circunstancias."

■ El artículo 23 de la Ley número 45 de 1935 (Leyes de ese año pág. 251, 301) expresamente autoriza al Administrador del Fondo del Seguro del Estado a fijar para cada año el tipo o prima que deberán pagar los patronos comprendidos en cada clasificación, y prescribe además que el Administrador cuidará de que las primas o tipos fijados sean consistentes con el propósito de establecer un Fondo del Seguro del Estado solvente. Con el fin de asegurar la solvencia del Fondo, sigue disponiendo dicho artículo que se creará lo que llama Fondo de Reserva, del cual podrá disponerse para cubrir cualquier déficit que pudiera ocurrir en el Fondo del Seguro del Estado en cualquier año económico, así como para hacer frente a cualquier catástrofe que pudiera ocurrir. El propósito del legislador manifestado en la ley es al efecto de que sean los propios patronos asegurados y no el Pueblo de Puerto Rico quien mantenga solvente el Fondo a través

de todas las circunstancias. Si esto es así, si la Ley de manera expresa autoriza al Administrador para aplicar el Fondo de Reserva a cualquier déficit que pudiera ocurrir, ya por error de cálculo al fijar el tipo, ya por un suceso extraordinario que no se pudo prever, es indudable que la insuficiencia del fondo de reserva para enjugar un déficit puede ser subsanada acudiendo en forma justa a todos los patronos comprendidos en las distintas clasificaciones que causaron dicho déficit.

Claro es que el déficit ordinariamente no hubiera existido si el tipo originalmente calculado hubiese sido suficiente para hacer frente a los desembolsos. Y si el patrono es el único beneficiado al fijarse primas mínimas, justo es que también sea el patrono el que haga frente al déficit cuando por temor a perjudicarle innecesariamente el tipo no se calculó tan alto como en realidad de verdad lo demandaban las circunstancias.

■ Si como creemos haber demostrado el Administrador tiene facultades para cargar el déficit a los patronos, igual facultad tiene necesariamente la Comisión Industrial para tomar las medidas necesarias para cubrirlo, al actuar como tribunal de revisión rebajando o modificando los tipos o primas originalmente fijados por el Administrador.

■ La Comisión Industrial, con jurisdicción para incluir en el tipo el por ciento que fuera necesario para cubrir el déficit, oyó a los patronos y consideró la evidencia que ellos ofrecieron para la determinación del tipo que debían pagar. Por consiguiente, es insostenible la proposición de los patronos de que fueron privados de su propiedad sin el debido procedimiento de ley.

*Procede, por lo expuesto, desestimar este recurso de revisión y confirmar la resolución de la Comisión Industrial, según fué modificada en el ameritado recurso de revisión número 37.*